**STATISTICAL INFORMATION ONLY: Debtor must select the number of each of the following items included in the Plan.**

0 Valuation of Security    0 Assumption of Executory Contract or unexpired Lease    0 Lien Avoidance

**Last revised: November 14, 2023**

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW JERSEY

In Re:

Carolyn Watson

Case No.: _____26-17336_____

Judge: _____MBK_____

Debtor(s)

## Chapter 13 Plan and Motions

☒ Original          ☐ Modified/Notice Required          Date: 7/10/26 _____

☐ Motions Included          ☐ Modified/No Notice Required

THE DEBTOR HAS FILED FOR RELIEF UNDER
CHAPTER 13 OF THE BANKRUPTCY CODE

### YOUR RIGHTS WILL BE AFFECTED

The Court issued a separate Notice of the Hearing on Confirmation of Plan, which contains the date of the confirmation hearing on the Plan proposed by the Debtor. This document is the actual Plan proposed by the Debtor to adjust debts. You should read these papers carefully and discuss them with your attorney. Anyone who wishes to oppose any provision of this Plan or any motion included in it must file a written objection within the time frame stated in the Notice. Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated. This Plan may be confirmed and become binding, and included motions may be granted without further notice or hearing, unless written objection is filed before the deadline stated in the Notice. The Court may confirm this plan, if there are no timely filed objections, without further notice. See Bankruptcy Rule 3015. If this plan includes motions to avoid or modify a lien, the lien avoidance or modification may take place solely within the Chapter 13 confirmation process. The plan confirmation order alone will avoid or modify the lien. The debtor need not file a separate motion or adversary proceeding to avoid or modify a lien based on value of the collateral or to reduce the interest rate. An affected lien creditor who wishes to contest said treatment must file a timely objection and appear at the confirmation hearing to prosecute same.

> **The following matters may be of particular importance. Debtors must check one box on each line to state whether the plan includes each of the following items. If an item is checked as "Does Not" or if both boxes are checked, the provision will be ineffective if set out later in the plan.**

THIS PLAN:

☐ DOES ☒ DOES NOT CONTAIN NON-STANDARD PROVISIONS. NON-STANDARD PROVISIONS MUST ALSO BE SET FORTH IN PART 10.

☒ DOES ☐ DOES NOT LIMIT THE AMOUNT OF A SECURED CLAIM BASED SOLELY ON VALUE OF COLLATERAL, WHICH MAY RESULT IN A PARTIAL PAYMENT OR NO PAYMENT AT ALL TO THE SECURED CREDITOR. SEE MOTIONS SET FORTH IN PART 7, IF ANY, AND SPECIFY: ☐ 7a / ☐ 7b / ☒ 7 c.

☐ DOES ☒ DOES NOT AVOID A JUDICIAL LIEN OR NONPOSSESSORY, NONPURCHASE-MONEY SECURITY INTEREST. SEE MOTIONS SET FORTH IN PART 7, IF ANY, AND SPECIFY: ☐ 7a / ☐ 7b / ☐ 7 c.

Initial Debtor(s)' Attorney: _____RCL_____ Initial Debtor: _____CW_____ Initial Co-Debtor: _____

**Part 1:   Payment and Length of Plan**

a.   The debtor shall pay to the Chapter 13 Trustee $ _____1,122_____ monthly for __60__ months starting on the first of the month following the filing of the petition. (If tier payments are proposed) : and then $_____ per month for _____ months; $_____ per month for _____ months, for a total of _____ months.

b.   The debtor shall make plan payments to the Trustee from the following sources:

☒   Future earnings

☐   Other sources of funding (describe source, amount and date when funds are available):

c.   Use of real property to satisfy plan obligations:

☐ Sale of real property
Description:

Proposed date for completion: _____

☐   Refinance of real property:
Description:
Proposed date for completion: _____

☐   Loan modification with respect to mortgage encumbering real property:
Description:
Proposed date for completion: _____

d.   ☐ The regular monthly mortgage payment will continue pending the sale, refinance or loan modification. See also Part 4.

☐ If a Creditor filed a claim for arrearages, the arrearages ☐ will / ☐ will not be paid by the Chapter 13 Trustee pending an Order approving sale, refinance, or loan modification of the real property.

e.   For debtors filing joint petition:

☐ Debtors propose to have the within Chapter 13 Case jointly administered. If any party objects to joint administration, an objection to confirmation must be timely filed.  The objecting party must appear at confirmation to prosecute their objection.

Initial Debtor: _____RCL_____ Initial Co-Debtor: _____CW_____

**Part 2: Adequate Protection**  ☐ NONE

    a.  Adequate protection payments will be made in the amount of $_____ to be paid to the Chapter 13 Trustee and disbursed pre-confirmation to _____(creditor). (Adequate protection payments to be commenced upon order of the Court.)

    b.  Adequate protection payments will be made in the amount of $_____to be paid directly by the debtor(s), pre-confirmation to: _____(creditor).

**Part 3: Priority Claims (Including Administrative Expenses)**

    a.  All allowed priority claims will be paid in full unless the creditor agrees otherwise:

| Name of Creditor | Type of Priority | Amount to be Paid |
|---|---|---|
| CHAPTER 13 STANDING TRUSTEE | ADMINISTRATIVE | AS ALLOWED BY STATUTE |
| ATTORNEY FEE BALANCE | ADMINISTRATIVE | BALANCE DUE: $ 4,213 |
| DOMESTIC SUPPORT OBLIGATION | | |

    b.  Domestic Support Obligations assigned or owed to a governmental unit and paid less than full amount:
Check one:
☒ None
☐ The allowed priority claims listed below are based on a domestic support obligation that has been assigned to or is owed to a governmental unit and will be paid less than the full amount of the claim pursuant to 11 U.S.C.1322(a)(4):

| Name of Creditor | Type of Priority | Claim Amount | Amount to be Paid |
|---|---|---|---|
| | Domestic Support Obligations assigned or owed to a governmental unit and paid less than full amount. | | |

**Part 4:   Secured Claims**

    **a.   Curing Default and Maintaining Payments on Principal Residence: ☐ NONE**

The Debtor will pay to the Trustee allowed claims for arrearages on monthly obligations and the

debtor shall pay directly to the creditor monthly obligations due after the bankruptcy filing as follows:

| Name of Creditor | Collateral or Type of Debt (identify property and add street address, if applicable) | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor by Trustee | Regular Monthly Payment Direct to Creditor |
|---|---|---|---|---|---|
| M&T Bank (1st mtg) | 2111 Greenwood Ave | $23,322.40 | 0 | $23,322.40 | Debtor shall pay the regular monthly payment pursuant to the terms of the underlying loan documents unless otherwise ordered. |

    **b.   Curing and Maintaining Payments on Non-Principal Residence & other loans or rent arrears: ☒ NONE**

The Debtor will pay to the Trustee allowed claims for arrearages on monthly obligations and the

debtor will pay directly to the creditor monthly obligations due after the bankruptcy filing as follows:

| Name of Creditor | Collateral or Type of Debt (identify property and add street address, if applicable) | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor by Trustee | Regular Monthly Payment Direct to Creditor |
|---|---|---|---|---|---|
| | | | | | Debtor shall pay the regular monthly payment pursuant to the terms of the underlying loan documents unless otherwise ordered. |

**c. Secured claims to be paid in full through the plan which are excluded from 11 U.S.C. 506: ☒ NONE**

The following claims were either incurred within 910 days before the petition date and are secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or incurred within one year of the petition date and secured by a purchase money security interest in any other thing of value:

| Name of Creditor | Collateral (identify property and add street address, if applicable) | Interest Rate | Amount of Claim | Total to be Paid Including Interest Calculation by Trustee |
|---|---|---|---|---|
|  |  |  |  |  |

**d. Requests for valuation of security, Cram-down, Strip Off & Interest Rate Adjustments ☐ NONE**

1.) The debtor values collateral as indicated below. If the claim may be modified under Section 1322(b)(2), the secured creditor shall be paid the amount listed as the "Value of the Creditor Interest in Collateral," plus interest as stated. The portion of any allowed claim that exceeds that value shall be treated as an unsecured claim. If a secured claim is identified as having "NO VALUE" it shall be treated as an unsecured claim.

**NOTE: A modification under this Section ALSO REQUIRES
the appropriate motion to be filed under Section 7 of the Plan.**

| Name of Creditor | Collateral (identify property and add street address, if applicable) | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor Interest in Collateral | Annual Interest Rate | Total Amount to be Paid by Trustee |
|---|---|---|---|---|---|---|---|
| Credit Acceptance | 2020 Pathfinder | $21,414.00 | $9,440 |  | $21,414 | 7.75% | $25,745.56 |

2.) Where the Debtor retains collateral and completes all Plan payments, payment of the full amount of the allowed secured claim shall discharge the corresponding lien.

**e.  Surrender ☒ NONE**

   Upon confirmation, the automatic stay is terminated as to surrendered collateral only under 11 U.S.C. 362(a) and that the stay under 11 U.S.C 1301 shall be terminated in all respects. The Debtor surrenders the following collateral:

| Name of Creditor | Collateral to be Surrendered (identify property and add street address, if applicable) | Value of Surrendered Collateral | Remaining Unsecured Debt |
|---|---|---|---|
|  |  |  |  |

**f.   Secured Claims Unaffected by the Plan ☒ NONE**

   The following secured claims are unaffected by the Plan:

| Name of Creditor | Collateral (identify property and add street address, if applicable) |
|---|---|
|  |  |

**g. Secured Claims to be Paid in Full Through the Plan: ☒ NONE**

| Name of Creditor | Collateral  (identify property and add street address, if applicable) | Amount | Interest Rate | Total Amount to be Paid through the plan by Trustee |
|---|---|---|---|---|
|  |  |  |  |  |

**Part 5:    Unsecured Claims** ☐ NONE

    a. **Not separately classified** allowed non-priority unsecured claims shall be paid:

        ☐ Not less than $ _____ to be distributed *pro rata*

        ☒ Not less than _100_____ percent

        ☐ *Pro Rata* distribution from any remaining funds

    b. **Separately classified unsecured** claims shall be treated as follows:

| Name of Creditor | Basis For Separate Classification | Treatment | Amount to be Paid by Trustee |
|---|---|---|---|
|  |  |  |  |

**Part 6:    Executory Contracts and Unexpired Leases** ☒ NONE

(NOTE: See time limitations set forth in 11 U.S.C. 365(d)(4) that may prevent assumption of non-residential real property leases in this Plan.)

All executory contracts and unexpired leases, not previously rejected by operation of law, are rejected, except the following, which are assumed:

| Name of Creditor | Arrears to be Cured and paid by Trustee | Nature of Contract or Lease | Treatment by Debtor | Post-Petition Payment to be Paid Directly to Creditor by Debtor |
|---|---|---|---|---|
|  |  |  |  |  |

**Part 7:     Motions   ☐ NONE**

**NOTE: All plans containing motions must be served on all affected lienholders, together with local form, Notice of Chapter 13 Plan Transmittal, within the time and in the manner set forth in D.N.J. LBR 3015-1. A Certification of Service, Notice of Chapter 13 Plan Transmittal, and valuation must be filed with the Clerk of Court when the plan and transmittal notice are served**

**a. Motion to Avoid Liens Under 11. U.S.C. Section 522(f). ☒ NONE**

The Debtor moves to avoid the following liens that impair exemptions:

| Name of Creditor | Nature of Collateral (identify property and add street address, if applicable) | Type of Lien | Amount of Lien | Value of Collateral | Amount of Claimed Exemption | Sum of All Other Liens Against the Property | Amount of Lien to be Avoided |
|---|---|---|---|---|---|---|---|
| | | | | | | | |

**b.  Motion to Avoid Liens and Reclassify Claim From Secured to Completely Unsecured. ☒ NONE**

The Debtor moves to reclassify the following claims as unsecured and to void liens on collateral consistent with Part 4 above:

| Name of Creditor | Collateral (identify property and add street address if applicable) | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor's Interest in Collateral | Total Amount of Lien to be Reclassified |
|---|---|---|---|---|---|---|
| | | | | | | |

**c. Motion to Partially Void Liens and Reclassify Underlying Claims as Partially Secured and Partially Unsecured. ☐ NONE**

The Debtor moves to reclassify the following claims as partially secured and partially unsecured, and to void liens on collateral consistent with Part 4 above:

| Name of Creditor | Collateral (identify property and add street address, if applicable) | Scheduled Debt | Total Collateral Value | Amount to be Deemed Secured | Amount to be Reclassified as Unsecured |
|---|---|---|---|---|---|
| Credit Acceptance | 2020 Pathfinder | $21,414 | $9,440 | $21,414 | Interest above and beyond 7.75% |

d.  Where the Debtor retains collateral, upon completion of the Plan and issuance of the Discharge, affected Debtor may take all steps necessary to remove of record any lien or portion of any lien discharged.

## Part 8:    Other Plan Provisions

### a. Vesting of Property of the Estate

☒    Upon confirmation

☐    Upon discharge

### b.  Payment Notices

Creditors and Lessors provided for in Parts 4, 6 or 7 may continue to mail customary notices or coupons to the Debtor notwithstanding the automatic stay.

### c.   Order of Distribution

The Trustee shall pay allowed claims in the following order:

1) Chapter 13 Standing Trustee Fees, upon receipt of funds
2) Administrative Claims
3) Secured Claims
4) Priority Claims
5) General Unsecured Claims
6)

### d.  Post-Petition Claims

The Trustee ☐ is, ☒ is not authorized to pay post-petition claims filed pursuant to 11 U.S.C. Section 1305(a) in the amount filed by the post-petition claimant.

**Part 9:    Modification**  ☒ NONE

**NOTE: Modification of a plan does not require that a separate motion be filed. A modified plan must be served in accordance with D.N.J. LBR 3015-2.**

If this Plan modifies a Plan previously filed in this case, complete the information below.

Date of Plan being Modified: _____.

Explain below **why** the plan is being modified:

Are Schedules I and J being filed simultaneously with this Modified Plan?    ☐  Yes    ☐  No

**Part 10: Non-Standard Provision(s):**

Non-Standard Provisions:

☒ NONE

☐ Explain here:

Any non-standard provisions placed elsewhere in this plan are ineffective.

**Signatures**

The Debtor(s) and the attorney for the Debtor (if any) must sign this Plan.

By signing and filing this document, the debtor(s), if not represented by an attorney, or the attorney for the debtor(s) certify that the wording and order of the provisions in this Chapter 13 Plan are identical to Local Form, *Chapter 13 Plan and Motions*.

I certify under penalty of perjury that the above is true.

Date: 7/10/26 _____    /s/ Carolyn Watson _____
                                     Debtor

Date: _____            _____
                                     Joint Debtor

Date: 7/10/26 _____    /s/ Cameron Legg _____
                                     Attorney for the Debtor(s)

United States Bankruptcy Court

District of New Jersey

In re:                                                                                    Case No. 26-17336-MBK

Carolyn Y Watson                                                                          Chapter 13

     Debtor

# CERTIFICATE OF NOTICE

District/off: 0312-3                              User: admin                              Page 1 of 3

Date Rcvd: Jul 14, 2026                           Form ID: pdf901                          Total Noticed: 35

The following symbols are used throughout this certificate:

| Symbol | Definition |
|---|---|
| + | Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP. |

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Jul 16, 2026:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| db | + | Carolyn Y Watson, 2111 Greenwood Ave, Neptune, NJ 07753-4412 |
| 521265562 | + | Housing & Urban Development, First Madison Services, Inc., Servicer for HUD, 4111 S. Darlington Suite 300, Tulsa, OK 74135-6345 |
| 521265678 | + | M&T Bank, co KML Law Group PC, 701 Market Street Ste 5000, Philadelphia, PA 19106-1541 |
| 521265569 | | Midnight Velvet, co MCG, PO Box 4630, Carol Stream, IL 60197-4630 |
| 521265576 | + | State of NJ, Division of Taxation, PO Box 245, Trenton, NJ 08602-0245 |
| 521267114 | + | U.S. Department of Housing and Urban Development, 26 Federal Plaza, Suite 3541, New York, NY 10278-0004 |
| 521265578 | | Verizon, Verizon, Dallas, TX 75265 |

TOTAL: 7

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**

Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI). Electronic transmission is in Eastern Standard Time.

| Recip ID | | Notice Type: Email Address | Date/Time | Recipient Name and Address |
|---|---|---|---|---|
| smg | | Email/Text: usanj.njbankr@usdoj.gov | Jul 14 2026 21:45:00 | U.S. Attorney, 970 Broad St., Room 502, Rodino Federal Bldg., Newark, NJ 07102-2534 |
| smg | + | Email/Text: ustpregion03.ne.ecf@usdoj.gov | Jul 14 2026 21:45:00 | United States Trustee, Office of the United States Trustee, 1085 Raymond Blvd., One Newark Center, Suite 2100, Newark, NJ 07102-5235 |
| 521265551 | | Email/Text: caineweiner@ebn.phinsolutions.com | Jul 14 2026 21:44:16 | Caine & Weiner, Attn: Bankruptcy, 5805 Sepulveda Blvd 4th Floor, Sherman Oaks, CA 91411 |
| 521265552 | | Email/Text: caineweiner@ebn.phinsolutions.com | Jul 14 2026 21:44:16 | Caine & Weiner, Po Box 55848, Sherman Oaks, CA 91413 |
| 521265553 | | Email/PDF: AIS.cocard.ebn@aisinfo.com | Jul 14 2026 21:51:14 | Captal One, PO Box 981600, Boston, MA 02298-1600 |
| 521265554 | + | Email/Text: ebnnotifications@creditacceptance.com | Jul 14 2026 21:43:00 | Credit Acceptance, Attn: Bankruptcy, 25505 West 12 Mile Road Ste 3000, Southfield, MI 48034-8331 |
| 521265555 | + | Email/Text: ebnnotifications@creditacceptance.com | Jul 14 2026 21:43:00 | Credit Acceptance, Po Box 5070, Southfield, MI 48086-5070 |
| 521265557 | + | Email/Text: bankruptcy_notifications@ccsusa.com | Jul 14 2026 21:45:00 | Credit Coll, Po Box 607, Norwood, MA 02062-0607 |
| 521265556 | + | Email/Text: bankruptcy_notifications@ccsusa.com | Jul 14 2026 21:45:00 | Credit Coll, Attn: Bankruptcy, 725 Canton Street, Norwood, MA 02062-2679 |
| 521265558 | + | Email/Text: bankruptcy_notifications@ccsusa.com | Jul 14 2026 21:45:00 | Credit Collection Services, Attn: Bankruptcy, 725 Canton St, Norwood, MA 02062-2679 |
| 521265559 | + | Email/Text: bankruptcy_notifications@ccsusa.com | Jul 14 2026 21:45:00 | Credit Collection Services, Po Box 607, Norwood, MA 02062-0607 |
| 521265561 | + | Email/Text: Bankruptcy.Notices@stellantis-fs.com | Jul 14 2026 21:45:00 | First Investors Financial Dept, 3065 Akers Mill Road, Atlanta, GA 30339-3124 |
| 521265560 | + | Email/Text: Bankruptcy.Notices@stellantis-fs.com | Jul 14 2026 21:45:00 | First Investors Financial Dept, Attn: Bankruptcy, 3065 Akers Mill Rd Se, Ste 700, Atlanta, GA |

District/off: 0312-3                                    User: admin                                                Page 2 of 3

Date Rcvd: Jul 14, 2026                                Form ID: pdf901                                     Total Noticed: 35

|  |  |  |  |
|---|---|---|---|
| | | | 30339-4743 |
| 521265563 | Email/Text: sbse.cio.bnc.mail@irs.gov | Jul 14 2026 21:44:00 | Internal Revenue Service, PO Box 7346, Philadelphia, PA 19101-7346 |
| 521275634 | Email/Text: JCAP_BNC_Notices@jcap.com | Jul 14 2026 21:45:00 | Jefferson Capital Systems, LLC, PO BOX 7999, ST.CLOUD, MN 56302-9617 |
| 521265564 | + Email/Text: JCAP_BNC_Notices@jcap.com | Jul 14 2026 21:45:00 | Jefferson Capital Systems, Llc, Attn: Bankruptcy, 200 14th Ave E, Sartekk, MN 56377-4500 |
| 521265565 | + Email/Text: JCAP_BNC_Notices@jcap.com | Jul 14 2026 21:45:00 | Jefferson Capital Systems, Llc, 200 14th Avenue East, Sartell, MN 56377-4500 |
| 521265566 | Email/Text: camanagement@mtb.com | Jul 14 2026 21:45:00 | M & T Bank, Attn: Bankruptcy, Po Box 844, Buffalo, NY 14240 |
| 521265567 | Email/Text: camanagement@mtb.com | Jul 14 2026 21:45:00 | M & T Bank, Po Box 900, Millsboro, DE 19966 |
| 521281408 | + Email/PDF: Bankruptcy_Prod@mohela.com | Jul 14 2026 21:51:02 | MOHELA, 220 Lasley Ave, Wilkes-Barre, PA 18706-1430 |
| 521265571 | Email/Text: bankruptcy@sccompanies.com | Jul 14 2026 21:45:00 | Midnight Velvet, 112 7th Avenue, Monroe, WI 53566-1364 |
| 521265570 | + Email/Text: bankruptcy@sccompanies.com | Jul 14 2026 21:45:00 | Midnight Velvet, 1112 7th Ave, Monroe, WI 53566-1364 |
| 521265568 | + Email/Text: bankruptcy@sccompanies.com | Jul 14 2026 21:45:00 | Midnight Velvet, Attn: Bankruptcy, 1112 7th Avenue, Monroe, WI 53566-1364 |
| 521265572 | + Email/Text: bankruptcy@sccompanies.com | Jul 14 2026 21:45:00 | Midnight Velvet/Swiss Colony, Attn: Bankruptcy, 1112 Seventh Ave, Monroe, WI 53566-1364 |
| 521265573 | + Email/Text: bankruptcy@sccompanies.com | Jul 14 2026 21:45:00 | Midnight Velvet/Swiss Colony, 1112 7th Ave, Monroe, WI 53566-1364 |
| 521265574 | + Email/PDF: Bankruptcy_Prod@mohela.com | Jul 14 2026 21:50:25 | Mohela/navient, 633 Spirit Drive, Chesterfield, MO 63005-1243 |
| 521265575 | Email/Text: bankruptcy@sccompanies.com | Jul 14 2026 21:45:00 | Montgomery Ward, 1112 7th Ave, Monroe, WI 53566-1364 |
| 521265577 | + Email/Text: wfmelectronicbankruptcynotifications@verizonwireless.com | Jul 14 2026 21:43:00 | Verizon, Verizon Wireless Bk Admin, 500 Technology Dr Ste 550, Weldon Springs, MO 63304-2225 |

TOTAL: 28

# BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

# NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jul 16, 2026                              Signature:            /s/Gustava Winters

District/off: 0312-3                      User: admin                                    Page 3 of 3
Date Rcvd: Jul 14, 2026                 Form ID: pdf901                        Total Noticed: 35

# CM/ECF NOTICE OF ELECTRONIC FILING

**The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on July 13, 2026 at the address(es) listed below:**

| Name | Email Address |
| --- | --- |
| Albert Russo | docs@russotrustee.com |
| Matthew K. Fissel | on behalf of Creditor M&T BANK bkgroup@kmllawgroup.com  matthew.fissel@brockandscott.com |
| Robert Cameron Legg | on behalf of Debtor Carolyn Y Watson courtdocs@oliverandlegg.com;legg.r.c.r59915@notify.bestcase.com |
| U.S. Trustee | USTPRegion03.NE.ECF@usdoj.gov |

TOTAL: 4